UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ST. JUDE MEDICAL S.C., INC., ANDREW HALLETT,

    Plaintiffs,

v.                                                         Case No.  6:13-cv-333-Orl-28TBS

BIOSENSE WEBSTER INC., ,

    Defendant.

## ORDER

This case was referred to me for resolution of a discovery dispute.  This is one of three related cases pending in this District, all having to do with former employees of Defendant Biosense Webster, Inc. who are now employed by its competitor, Plaintiff St. Jude Medical S.C., Inc.[1]  While they were employed by Biosense, each of the individuals in question signed an Employee Secrecy, Intellectual Property, Non-Competition and Non-Solicitation Agreement ("Agreement") running in favor of Biosense.  (Doc. 1-1 at 2).  Plaintiffs' Complaint seeks a  declaratory judgment that St. Jude is not restricted from employing Plaintiff Andrew Hallett and Hallett is not restricted from engaging in the solicitation and sale of certain medical devices manufactured by St. Jude.  (Doc. 1).  Biosense has answered and counterclaimed for breach of the Agreement and a declaratory judgment that the restrictions on competition contained in the Agreement are enforceable.  (Doc. 6).  The case comes

---

[1]The other two cases are No. 6:12-cv-1569-Orl-28TBS and No. 6:13-cv-258-Orl-28TBS.

before me on Defendant's Motion for Limited Expedited Discovery and Incorporated Memorandum of Law (Doc. 7), and Plaintiffs' opposition to the motion (Doc. 9).

Biosense is concerned that Hallett has or soon will call on the customers he previously serviced for Biosense, to sell or service competing products. (Doc. 7 at 2). Should this occur, Biosense maintains it will constitute a breach of the Agreement and cause Biosense irreparable harm in the form of lost customers, lost sales and unlawful competition. (Id.). To avoid or minimize these possible consequences, Biosense is requesting a Court order requiring Hallett to produce "[a]ny documents Hallett sent to or received from [St. Jude] from January 1, 2012 until the date Hallett began performing services for or on behalf of [St. Jude]. (Doc. 7-1 at 5). Biosense is also asking the Court to order St. Jude to produce 14 categories of documents including Hallett's' personnel file, documents describing his job responsibilities and the identity of the customers he has or will service for St. Jude. (Id. at 8-9). Lastly, Biosense wants leave of Court to depose Hallett and St. Jude concerning St. Jude's hiring of Hallett, the work he is doing and is expected to perform, the products he is selling and servicing, and the customers he will or does call on. (Id. at 9-10).

Discovery is governed by FED. R. CIV. P. 26. "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding excepted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." FED. R. CIV. P. 26(d)(1). The deadline for the parties' Rule 26(f) conference is April 29, 2013. The Court has "broad discretion in managing pretrial discovery matters." Klay v. All Defendants, 425

F.3d 977, 982 (11th Cir. 2005) (quoting Perez v. Miami-Dade Co., 297 F.3d 1255, 1263 (11th Cir. 2002).  The Court utilizes a good cause standard to determine whether expedited discovery should be permitted.  Nassau Terminals, Inc. v. M/V Bering Sea, No. 99-104-CIV-J-20C, 1999 WL 1293476 *1 (M.D. Fla. July 1, 1999) (stating that moving party has the burden of showing good cause why discovery should be expedited); Dell, Inc. v. BelgiumDomains, LLC, No. Civ. 07-22674, 2007 WL 6862341 * 6 (S.D. Fla. Nov. 21, 2007); Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 274 (N.D. Cal. 2002).  Factors the Court considers in deciding whether a party has shown good cause include: (1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request is made.  Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Authority, 234 F.R.D. 4, 6 (D.D.C. 2006).

Addressing these factors, there is no motion for a preliminary injunction currently pending in this case.  However, Biosense argues that without the information it seeks it has no way of knowing whether Hallett is complying with the Agreement, and it will have difficulty complying with the requirements of Local Rule 4.06 should it decide to ask for a preliminary injunction.  This argument addresses both the preliminary injunction factor and Biosense's reasons for requesting expedited discovery.  The Court is skeptical that Biosense cannot know if it is losing business to St. Jude without the discovery it is requesting.  St. Jude hired Hallett in late January,

2013, (See Doc. 9 at 2), and one would expect if he is causing Biosense irreparable harm, it would know by now.

Contrary to Biosense's assertions, its discovery requests are broad in scope and appear to include all the information it will need from Plaintiffs to prove its affirmative defenses and counterclaim. Plaintiffs have not disputed the relevancy of the information Biosense is requesting and therefore, the Court agrees with Biosense that expediting discovery will not prejudice Plaintiffs since the issue is when, not if they will have to provide the information. Finally, because the parties' Rule 26(f) must occur this month, Biosense will not gain much if its motion is granted.

After evaluating these factors, I am not convinced that there is good cause to expedite discovery and therefore, the motion is DENIED.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on April 12, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel